UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAIME R. MCDONOUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:19-CV-35 SRW |
| ) | |
| ANGELA MESMER, ) | |
| ) | |
| Respondent(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Jaime R. McDonough for a writ of habeas corpus under 28 U.S.C. § 2254. The State has filed a response. Petitioner did not file a reply and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.    BACKGROUND**

Petitioner is currently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri. On February 10, 2017, Petitioner pled guilty to three counts of the Class A felony of distribution of a controlled substance near a park in violation of Mo. Rev. Stat. § 195.217. On April 7, 2017, Petitioner was sentenced to concurrent terms of thirty-years of imprisonment in the Missouri Department of Corrections on each count. Petitioner did not file a direct appeal. (ECF No. 11-1 at 61-62)

On May 30, 2017, Petitioner filed a self-represented Motion to Vacate, Set Aside or Correct the Judgment and Sentence pursuant to Rule 29.035. (ECF No. 11-1 at 32-36). Petitioner was appointed counsel on September 21, 2017, and subsequently filed a timely Amended Motion

1

to Vacate. (ECF No. 11-1 at 38-42). In the Amended Motion, Petitioner asserted two grounds for relief: (1) plea counsel was ineffective for failing to request a change of sentencing judge for cause because the same judge presided over Petitioner's previous termination of parental rights cases which created a disqualifying bias; and (2) plea counsel was ineffective at sentencing for informing the Court that Petitioner had worked as a confidential informant because it invited an unfavorable rebuttal argument by the prosecutor. Petitioner's claims for post-conviction relief were denied by the Circuit Court of St. Francois County, Missouri on March 21, 2018 without an evidentiary hearing. (ECF No. 11-1 at 43-47).

Petitioner filed a notice of appeal with the Missouri Court of Appeals for the Eastern District. (ECF No. 11-1 at 50-53). Petitioner raised both issues on appeal from the Circuit Court's denial of post-conviction relief. On March 5, 2019, the appellate court affirmed the judgment. (ECF No. 11-5 at 1-6).

On April 29, 2019, the instant § 2254 federal habeas Petition was filed. Petitioner raises the same grounds for relief as in her Amended Motion for post-conviction relief:

> **Ground One:** Counsel failed to request Judge Martinez recuse herself from this case because she was the presiding judge over [Petitioner's parental rights] case and had a prejudice against [Petitioner] due to all the facts that were presented in that case.
>
> **Ground Two:** Counsel was ineffective because she informed the court of [Petitioner's] prior work as an informant [and] invited unfavorable rebuttal by state which ultimately lead to a harsher sentence.

(ECF No. 1 at 4, 6).

On August 7, 2019, Respondent filed a Response to Order to Show Cause. (ECF No. 11). Respondent maintains that the state court's adjudication of Petitioner's claims was reasonable and entitled to deference. As to Ground One, Respondent argues that plea counsel was not ineffective for not requesting a change of judge because there was no indication in the

2

record that Petitioner asked plea counsel to do so or that a request would have been successful as Petitioner cannot establish judicial bias. As to Ground Two, Respondent argues that plea counsel acted reasonably by attempting to mitigate Petitioner's sentence through the presentation of evidence of Petitioner's prior work as a confidential informant.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or

3

"unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000).  A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct.  28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010).  Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).  Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief.  28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III. DISCUSSION

### A. Ground One: Ineffective Assistance of Plea Counsel for Failure to Request Change of Judge

In Ground One, Petitioner alleges she directed counsel to request a change of judge and counsel was ineffective for failing to do so. Petitioner claims the sentencing judge had previously presided over her termination of parental rights case and was prejudiced against her as result.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that her attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that she was prejudiced by her attorney's action or inaction. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." *Id.* "Prejudice" is

4

shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. *Id.* The petitioner must not only assert prejudice but must affirmatively prove that prejudice was present. *See id.* at 693.

Petitioner unsuccessfully raised this identical claim in her amended post-conviction relief motion and her appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> Movant's first point on appeal relates to her claim that counsel was ineffective for failing to request a change of judge, whose alleged access to extra judicial information led to the imposition of the harshest possible sentence under the plea agreement. Movant alleged in the amended motion that because the judge had also presided over the termination of her parental rights case, Movant told counsel she wanted a change of judge, but counsel did not request one. As the motion court found, this claim is conclusively refuted by the record of the plea and sentencing hearing. At the plea hearing, not only did Movant repeatedly assure the court of her satisfaction with counsel's performance, she answered "yes" when the court expressly asked if counsel had "done all the things that you requested her to do for you in this case?" And, when asked if counsel refused to do anything that Movant thought counsel should have done, Movant said "no." Negative responses to the court's routine inquiries can be too general to refute all possible statements by counsel to a client, especially where there is no indication that the movant would have been aware of the claim at the time of the inquiry. *See, e.g., Taylor v. State*, 497 S.W.3d 342, 353 (Mo. App. W.D. 2016). But here, Movant was well aware at the time she pled guilty that counsel had not filed a motion for change of judge as she allegedly asked counsel to do. Rather than raise this complaint when the court asked specifically about counsel fulfilling or refusing Movant's requests, Movant repeatedly assured the court of her complete satisfaction. Under these circumstances, the record conclusively refutes the ineffectiveness claim. *See Ballard v. State*, 500 S.W.3d 294, 302 (Mo. App. E.D. 2016). Point I is denied.

(ECF No. 11-5 at 3-4).

This Court finds that the decision of the Missouri Court of Appeals is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. To the contrary, the appellate court's finding is fully supported by the record of

Petitioner's plea and sentencing hearings, which was cited within the Circuit Court of St. Francois County, Missouri's March 21, 2018 denial of claims for post-conviction relief:

> At Movant's guilty plea hearing the following colloquy took place.
>
>> THE COURT: Has your attorney done all the things that you requested her to do for you in this case?
>>
>> A. [By Movant] Yes, ma'am.
>>
>> THE COURT: Has your attorney refused to do anything for you in this case that you thought she should have done for you?
>>
>> A.  No, ma'am.
>
> After Movant was sentenced, she was placed under oath and the Court asked her again if she was satisfied with her attorney's efforts on her behalf:
>
>> THE COURT: If you recall, Miss McDonough, on the day that I accepted your plea of guilty, which was the February date, I had you placed under oath and I asked you a whole bunch of questions under oath about your attorney. Do you remember that day?
>>
>> A.  Yes, ma'am.
>>
>> THE COURT: If I went back and asked you all those questions again today would your answers be different or would they be the same?
>>
>> A.  They would be the same.
>>
>> THE COURT: Did you have sufficient opportunity to discuss your case with your attorney before you entered your pleas of guilty?
>>
>> A.  Yes, ma'am.
>>
>> THE COURT: Did your attorney do everything that you asked her to do before you entered your pleas of guilty?
>>
>> A.  Yes, ma'am.

(ECF No. 11-1 at 44).

This Court further finds the decision of the Missouri Court of Appeals is not contrary to or an unreasonable application of clearly established federal law. Petitioner has not demonstrated

how she was affirmatively prejudiced in that the result of her case would have been different had a different judge presided over her sentencing.  In denying Petitioner's amended post-conviction motion, the state circuit took into account that the sentencing judge "did not mention in her remarks prior to sentencing that she had considered anything other than the facts on the record and those contained in the sentencing assessment report." (ECF No. 11-1 at 45-46).  Because a judge is presumed to be impartial, the party seeking disqualification "bears the substantial burden of proving otherwise." *Bannister v. Delo*, 100 F.3d 610, 614 (8th Cir. 1996) (internal quotations omitted). Bias can be shown "if a judge's remarks or opinions 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Id.* (*quoting Liteky v. United States*, 510 U.S. 540, 555 (1994)). The instant federal habeas Petition has failed to point to any evidence that the sentencing judge was biased and only provides the conclusory statement that Petitioner was prejudiced, which is not a sufficient demonstration to prevail on a claim of ineffective assistance of counsel claim.

Petitioner's first claim will be denied.

### B. Ground Two: Ineffective Assistance of Plea Counsel for Presenting Evidence of Petitioner's Work as a Confidential Informant

In Ground Two, Petitioner argues plea counsel was ineffective at sentencing for informing the Court that Petitioner had worked as a confidential informant because it invited an unfavorable rebuttal argument by the prosecutor.  Specifically, after counsel informed the sentencing court of her prior cooperation with the government, the prosecutor countered with information that Petitioner previously informed the target of an undercover drug buy of her informant status to defeat the purported sale.

7

Petitioner unsuccessfully raised this identical claim in her amended motion for post-conviction relief as well as in her appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> The second point on appeal relates to Movant's claim that counsel was ineffective for advising the court at sentencing that she had worked as a confidential informant after her arrest on these charges, because that led the prosecutor to reveal that Movant had actually botched her last controlled buy. This damaging information led the court, Movant claimed, to impose the harshest penalty possible under the plea agreement. Movant alleged in the amended motion that "counsel knew or should have anticipated that by revealing Movant's work as a confidential informant, she was inviting the State to respond with information of *how that work ended*." (emphasis added). Movant did not allege that counsel knew or should have known that the confidential information work ended *in a way that would be detrimental to Movant's position at sentencing.* Movant did not allege any facts showing that counsel should have known that what was otherwise and on its face mitigating evidence showing Movant's cooperation with law enforcement would actually prove to be damaging. Counsel's selection of sentencing phase evidence is a matter of professional judgment, the effectiveness of which "is measured by whether the advocacy was reasonable under the circumstances." *See Washington v. State*, 415 S.W.3d 789, 794 (Mo. App. E.D. 2013). As the motion court found, Movant failed to demonstrate that counsel's decision here was unreasonable. Point II denied.

(ECF No. 11-5 at 4-5).

The adequacy of counsel's assistance is determined by an inquiry into whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of competent assistance. *Strickland*, 466 U.S. at 690. Counsel is given broad discretion in making tactical decisions. *Id.* at 689; *see also Jordan v. Bowersox*, No. 4:04-CV-409 CAS, 2008 WL 441697, at *25 (E.D. Mo. Feb. 14, 2008) (A "trial attorney's tactical decision enjoys a strong presumption of reasonableness."). It is generally presumed that counsel rendered adequate assistance. *Beans v. Black*, 757 F.2d 933, 936 (8th. Cir.), *cert. denied,* 474 U.S. 979 (1985). Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Decisions

8

following reasonable, but less thorough, investigation are to be upheld to the extent they are supported by reasonable judgment. *Id.*

This Court cannot conclude the state courts unreasonably applied federal law in denying petitioner's claim for relief on this point or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented. Here, the appellate court found Petitioner's counsel to have exercised reasonable advocacy under the circumstances because no evidence in the record supported the conclusion that counsel knew or should have known that Petitioner abused her role as a confidential informant.  Petitioner has not shown that counsel's performance fell below an objective level of reasonableness. Petitioner has not presented any factual evidence that counsel knew about the botched drug buy. To the contrary, the record reflects counsel pursued a legitimate strategy in attempting to reduce Petitioner's sentence. As the state circuit court noted in denying her amended post-conviction motion, it is "not unusual for drug defendants to seek to mitigate their punishment by pointing out they have been willing to cooperate in taking down drug deals" and there was "no showing [Petitioner's] plea counsel was aware of the circumstances so a[s] to know what effect this revelation might have." (ECF No. 11-1 at 46).  Counsel is not incompetent merely because the strategy did not succeed. *Strickland*, 466 U.S. at 689.  Thus, this Court finds the state courts did not unreasonably apply established federal law in rejecting Petitioner's claim that counsel's attempt at mitigating the sentence was ineffective.

Petitioner's second claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jaime R. McDonough for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability.  28 § U.S.C. 2253(c)(2).  A separate judgment in accord with this Order is entered on this same date.

So Ordered this 28th day of September, 2020.

/s/ Stephen Welby
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**